UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,          :

     Plaintiff,                             :          CRIMINAL ACTION

v.                                            :          1:04-CR-346-MHS

JOSIAH L. TRYON,                        :

     Defendant.                           :

## ORDER

Defendant is charged in an eighteen-count Superseding Indictment with receiving and possessing sixteen separate video clips of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(a)(5)(B). The case came on for trial before a jury on February 21, 2006, but following discussions between counsel, Defendant agreed to a bench trial on stipulated facts. Now before the Court are the parties' stipulated facts, briefs, and proposed findings of fact and conclusions of law. Based on the following findings of fact and conclusions of law, the Court finds Defendant guilty on all eighteen counts of the Superseding Indictment.

## FINDINGS OF FACT

The parties' Stipulated Facts for Bench Trial [Doc. 97] are set out below and made the findings of the Court.

## BACKGROUND

1.      On May 20, 2003, the Defendant, Josiah L. Tryon, brought his computer to CompUSA in Roswell, Georgia, to transfer the data from its malfunctioning hard drive to a new, larger hard drive.  The new hard drive was a Maxtor 160 GB model.  On or about May 24, 2003, a technician at CompUSA began Mr. Tryon's requested service.  On or about May 25, 2003, the CompUSA technician checked the contents of Mr. Tryon's new hard drive to confirm that the transfer had completed satisfactorily. The technician saw what he believed to be child pornography on Mr. Tryon's hard drive.  The technician's supervisor confirmed that there appeared to be child pornography on Mr. Tryon's hard drive and contacted the Roswell Police Department.

2.      On or about May 26, 2003, a Roswell Police Officer responded to CompUSA.  At CompUSA, the technician showed the Police Officer at least

2

three video files of what the Police Officer believed to be child pornography. The Police Officer seized the hard drive and checked it into evidence at the Roswell Police Department.  The Police Officer contacted Roswell Police Sergeant and FBI Task Force Agent Cameron Roe, whom she knew worked with an FBI Task Force investigating child exploitation crimes.

3.   On May 28, 2003, Task Force Agent Cameron Roe obtained a federal search warrant for Mr. Tryon's hard drive obtained from CompUSA.

4.   On May 28, 2003, Task Force Agent Cameron Roe obtained a federal search warrant for Mr. Tryon's residence, 265 Moonshadow Court, Roswell, Georgia.  On May 29, 2003, FBI agents executed a search of the residence. During the search, FBI TFA Roe and FBI Special Agent Paganucci interviewed Mr. Tryon.  The interview took place in a non-custodial setting and this Court found that Mr. Tryon's statements were voluntary. ([Doc. 39] incorporated herein by reference.)[1]

---

[1] The Court has already heard testimony concerning the interview, which is hereby incorporated herein by reference.  ([Doc. 33].)

5.    According to TFA Roe, during the interview:

(a)    Mr. Tryon stated that he was the sole user of the computer at his house that he had brought to CompUSA for repair, and that he wanted to get data transferred from a small hard drive to a larger hard drive.

(b)    When told by the agents that they had seen some of the images on his computer at CompUSA and asked where he got the pictures, Mr. Tryon stated that [he] was told by someone he works with about an Internet service called KAZAA.  Mr. Tryon stated that he downloads pictures from KAZAA and also subscribes to the online service PictureView which collects images from Newsgroups.

(c)    Mr. Tryon stated that he had been online since approximately 1996 collecting pictures of girls 10-12 years of age and 17-18 years of age, in various stages of nudity and engaging in sex acts.

(d)    Mr. Tryon stated that he uses the KAZAA screen name "TUMSTOO".

(e)    Mr. Tryon said that he is online every day and night collecting and trading pictures, and that he has a collection of approximately 350,000 in one directory he set up on his computer.  Mr. Tryon said he has several

4

other directories he created which contain many other images of pre-teen and teen girls and other pictures he received from the Internet.

(f)     Mr. Tryon said that he has a KAZAA directory which has approximately 90,000 images and on another computer drive a directory for sharing of KAZAA pictures which contains 2500 images. Mr. Tryon stated that he receives the images from KAZAA and then goes through them and sorts them in different categories, putting them into directories he creates.

(g)     Mr. Tryon said that he had tried several different image viewing programs and Microsoft Movie Maker for loading movies, but had not found one that served all his needs, or worked properly.

6.     On or about June 22, 2004, a Grand Jury in the Northern District of Georgia issued the original Indictment in this case based on ten of the video files contained on Mr. Tryon's hard drive obtained from CompUSA.

7.     On July 13, 2004, Mr. Tryon was arrested in Roswell, Georgia, based on the Indictment. At the time of his arrest, Mr. Tryon possessed a briefcase in his car. A search of the briefcase revealed two hard drives: one Maxtor 160 GB hard drive, and one IBM Travelstar 3.25 GB hard drive. On

AO 72A
(Rev.8/82)

July 16, 2004, TFA Roe obtained a federal search warrant for the two hard drives found in Mr. Tryon's possession at the time of his arrest. The Maxtor hard drive contains the video file "babyshivid-pu 04(withsound)", which appears to be child pornography.

8.    On or about October 26, 2005, a Grand Jury in the Northern District of Georgia issued the Superseding Indictment in this case based on fifteen of the video files found on Mr. Tryon's hard drive seized from CompUSA, and the video file "babyshivid-pu 04(withsound)" contained on one of the hard drives possessed by Mr. Tryon at the time of his arrest.

## COUNT ONE

9.    On or about May 20, 2003, in Roswell, Georgia, in the Northern District of Georgia, Mr. Tryon knowingly possessed a computer disk that he knew contained the following video files: Pedo - childlover_anya complete_12m32s; R@ygold Style - 11yrs (1); Reelkiddymov young underage - 10yr old german girl fingers herself to orgasm!!!(6sec) (1); child porn guy tries to cum on her young pussy; Childlover_little_Collection_Video_0147; Childlover_little_Collection_Video_0154; fk.y.80.rca; incesto ninita de 8; Pedo

6

· Vicky-doudu; pedo-butfk6; vaginal-8yr_olds_have_sex; vicky-vibrator; voyeur-girl's hole too small for dick homevideo; reelkiddymov-6 young girl gets fucked (1); repedo long vid.

10.    Mr. Tryon knew at the time of his possession of the computer disk referenced in paragraph 9 seized from CompUSA that the disk contained files which appear to be child pornography, that is, that the disk contained the video files listed in paragraph 9, and that each of these files contains a visual depiction of what appears to be a minor engaging in sexually explicit conduct the production of which involved the use of what appears to be a minor engaging in sexually explicit conduct.  At the time of Mr. Tryon's possession of the disk referenced in paragraph 9 seized from CompUSA, Mr. Tryon believed that the disk constituted and contained child pornography.

<u>COUNT TWO</u>

11.    On or about July 13, 2004, in Roswell, Georgia, in the Northern District of Georgia, Mr. Tryon knowingly possessed a computer disk that he knew contained the video file "babyshivid-pu 04(withsound)".

7

12.   Mr. Tryon knew at the time of his possession of the computer disk referenced in paragraph 11 seized from Mr. Tryon on or about July 13, 2004 that the disk contains what appears to be child pornography, that is, the disk contains the video file "babyshivid-pu 04(withsound)", and that the video file "babyshivid-pu 04(withsound)" contains a visual depiction of what appears to be a minor engaging in sexually explicit conduct the production of which involved the use of what appears to be a minor engaging in sexually explicit conduct.  At the time of Mr. Tryon's possession of the disk referenced in paragraph 11 seized from him on or about July 13, 2004, Mr. Tryon believed that the disk constituted and contained child pornography.

### COUNTS THREE THROUGH SEVENTEEN

13.   Between on or about March 8, 2003 and on or about April 20, 2003, in Roswell, Georgia, in the Northern District of Georgia, Mr. Tryon knowingly received each of the video files listed in paragraph 9.

14.   Mr. Tryon knew at the time of his receipt of each of the video files listed in paragraph 9 that the contents of each of the files appears to be child pornography, that is, Mr. Tryon knew that each of the files contains a visual

8

depiction of what appears to be a minor engaging in sexually explicit conduct and the production of each visual depiction involved the use of what appears to be a minor engaging in sexually explicit conduct. At the time of Mr. Tryon's receipt of each of the computer files listed in paragraph 9, Mr. Tryon believed that each of the computer files constituted and contained child pornography.

## COUNT EIGHTEEN

15.   On or about January 18, 2004, in Roswell, Georgia, in the Northern District of Georgia, Mr. Tryon knowingly received the video file "babyshivid-pu 04(withsound)".

16.   Mr. Tryon knew at the time of his receipt of the video file "babyshivid-pu 04(withsound)" that the file's contents appear to be child pornography, that is, Mr. Tryon knew that the video file "babyshivid-pu 04(withsound)" contains a visual depiction of what appears to be a minor engaging in sexually explicit conduct the production of which involved the use of what appears to be a minor engaging in sexually explicit conduct. At the time of Mr. Tryon's receipt of the computer file "babyshivid-pu

9

04(withsound)", Mr. Tryon believed that the computer file "babyshivid-pu 04(withsound)" constituted and contained child pornography.

## ADDITIONAL FACTS REGARDING THE ISSUE OF ACTUAL CHILDREN

17.    The computer video clip filename "repedo long vid", contained on Mr. Tryon's hard drive seized from CompUSA and referred to in Counts One and Seventeen of the Superseding Indictment, depicts an actual child and was produced using an actual minor engaged in sexually explicit conduct.

18.    Exhibit 1 filed under seal with [the Stipulated Facts for Bench Trial] contains true and correct copies of the following computer files which are contained on Mr. Tryon's hard drive seized from CompUSA:  Pedo - childlover_anya complete_12m32s; R@ygold Style - 11yrs (1); Reelkiddymov young underage - 10yr old german girl fingers herself to orgasm!!!(6sec) (1); child porn guy tries to cum on her young pussy; C h i l d l o v e r _ l i t t l e _ C o l l e c t i o n _ V i d e o _ 0 1 4 7 ; Childlover_little_Collection_Video_0154; fk.y.80.rca; incesto ninita de 8; Pedo - Vicky-doudu; pedo-butfk6; vaginal-8yr_olds_have_sex; vicky-vibrator;

10

voyeur-girl's hole too small for dick homevideo; reelkiddymov-6 young girl gets fucked (1); repedo long vid.

19.   Exhibit 1 filed under seal with [the Stipulated Facts for Bench Trial] also contains a true and correct copy of the computer file "babyshivid-pu 04(withsound)" which is contained on Mr. Tryon's hard drive which was seized from Mr. Tryon on or about July 13, 2004.

20.   Thomas Musheno is a witness for the United States who the United States offers as an expert in forensic digital video analysis.  Mr. Musheno's curriculum vitae is attached [to the Stipulated Facts for Bench Trial] as Exhibit 2 which is incorporated herein by reference.  Mr. Musheno's testimony is in accord with his two reports, attached [to the Stipulated Facts for Bench Trial] as Exhibit 3, which are incorporated herein by reference.  In summary, Mr. Musheno's opinion is that each of the files charged in the Superseding Indictment depicts an actual minor engaged in sexually explicit conduct, and is not a digital or virtual fabrication or manipulation.  Mr. Musheno's opinion is that the production of each of the files charged in the

11

Superseding Indictment involved the use of an actual minor engaged in sexually explicit conduct.

21.    Mr. Musheno's testimony that each of the charged files depicts an actual child and was produced using an actual minor engaged in sexually explicit conduct is unrebutted.[2]

## ADDITIONAL FACTS REGARDING JURISDICTION

22.    Both of Mr. Tryon's hard drives which contain the video files charged in [the] Superseding Indictment were manufactured in Singapore.

23.    The video clip filename "repedo long vid", contained on Mr. Tryon's hard drive seized from CompUSA and referred to in Counts One and Seventeen of the Superseding Indictment, was produced in Great Britain.

---

[2] Mr. Tryon wishes to preserve for appeal the issue of whether, with respect to each video file other than "repedo long vid", this Court abused its discretion in excluding the defense's proposed video imaging expert, Dean Boland, who would have attempted to rebut the testimony of Mr. Musheno.

AO 72A
(Rev.8/82)

24.     Except for the video clip labeled "repedo long vid", there is no evidence as to the location where the other charged video clips were produced.

25.     Each of the video clips charged in the Superseding Indictment found on Mr. Tryon's hard disks is available on the Internet and was available on the Internet during the relevant time period.

26.     At the time of the May 29, 2003 interview, the FBI had not yet conducted its analysis of Mr. Tryon's hard drive obtained from CompUSA.

27.     During the interview, Mr. Tryon was not asked for the specific filenames that Mr. Tryon had downloaded over the  Internet, nor did Mr. Tryon specify any filenames.

28.     The hard drives containing the files charged in the Superseding Indictment contain no Internet history files from which to evidence any downloading from the Internet onto those hard drives.

AO 72A
(Rev.8/82)

## ISSUE FOR THIS COURT TO DECIDE

29.   A defendant can be found guilty of violating 18 U.S.C. § 2252A(a)(2)(A) and/or (5)(B) only if all the following facts are proved beyond a reasonable doubt:

<blockquote>

First:   That the Defendant knowingly [received] [possessed] an item or items of child pornography, as charged;

Second:   That such item[s] of child pornography had been [transported] [shipped] [mailed] in interstate or foreign commerce [including by computer], as charged; and

Third:   That at the time of such [reception] [possession] the Defendant believed that such item[s] constituted or contained child pornography, as hereafter defined.

</blockquote>

By entering into this stipulation of facts, the United States and the defense agree that the first and third elements of the statute have been met. The only issue remaining is the second element, that is, whether this Court has jurisdiction in this case.

14

## CONCLUSIONS OF LAW

A.    Elements of Counts One and Two: Possession of Child Pornography in Violation of 18 U.S.C. § 2252A(a)(5)(B).

    1.    Title 18, United States Code, makes it a federal crime or offense for any person to knowingly possess any child pornography that has been transported, shipped, or mailed in interstate or foreign commerce including by computer.  Counts One and Two of the Superseding Indictment charge the Defendant with possessing child pornography in violation of this section.  18 U.S.C § 2252A(a)(5)(B); <u>Eleventh Circuit Pattern Jury Instructions (Criminal Cases)</u>, Instruction No. 75.4 (2003).

    2.    The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

> <u>First</u>:    That the Defendant knowingly possessed an item or items of child pornography, as charged;
>
> <u>Second</u>:    That such item of child pornography had been transported, shipped, or mailed in interstate or foreign commerce including by computer, as charged; and
>
> <u>Third</u>:    That at the time of such possession the Defendant believed that such item

15

> constituted   or   contained   child
> pornography, as hereafter defined.

18 U.S.C § 2252A(a)(5)(B); <u>Eleventh Circuit Pattern Jury Instructions</u>

<u>(Criminal Cases)</u>, Instruction No. 75.4 (2003).

B.     Elements of Counts Three Through Eighteen: Receipt of Child
       Pornography in Violation of 18 U.S.C. § 2252A(a)(2)(A).

       3.     Title 18, United States Code, makes it a federal crime or offense

for any person to knowingly receive any child pornography that has been

transported, shipped, or mailed in interstate or foreign commerce including

by computer. Counts Three through Eighteen of the Superseding Indictment

charge the Defendant with receiving child pornography in violation of this

section.    18  U.S.C.  §  2252A(a)(2)(A);  <u>Eleventh Circuit Pattern Jury</u>

<u>Instructions (Criminal Cases)</u>,Instruction No. 75.4 (2003).

       4.     The Defendant can be found guilty of that offense only if all of the

following facts are proved beyond a reasonable doubt:

<u>First</u>:     That the Defendant knowingly received
             an item or items of child pornography,
             as charged;

16

<table>
<tr><td><u>Second</u>:</td><td>That such item of child pornography had been transported, shipped, or mailed in interstate or foreign commerce including by computer, as charged; and</td></tr>
<tr><td><u>Third</u>:</td><td>That at the time of such reception the Defendant believed that such item constituted or contained child pornography, as hereafter defined.</td></tr>
</table>

18 U.S.C. § 2252A(a)(2)(A); <u>Eleventh Circuit Pattern Jury Instructions</u> <u>(Criminal Cases)</u>, Instruction No. 75.4 (2003).

C.    Definitions

5.    The term "interstate or foreign commerce" means the movement of property from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. It is not necessary for the Government to prove that the Defendant knew that the alleged child pornography had moved in interstate or foreign commerce, only that it had so moved.    <u>Eleventh Circuit Pattern Jury</u> <u>Instructions (Criminal Cases)</u>, Instruction No. 75.4 (2003); <u>United States v.</u> <u>Murray</u>, 52 M.J. 423 (A.F. Ct. Crim. App. 2000).

17

6.     Transmission by means of the Internet constitutes transportation in interstate commerce. United States v. Hersh, 297 F.3d 1233, 1254 n.31 (11th Cir. 2002); United States v. Runyan, 290 F.3d 223, 239 (5th Cir. 2002); United States v. Carroll, 105 F.3d 740, 742 (1st Cir. 1997).

7.     The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device. 18 U.S.C. §§ 2256(6), 1030(e)(1); Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Instruction No. 75.4 (2003).

8.     The term "child pornography" means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually

18

explicit conduct.  18 U.S.C. §§ 2256(8)(A), (C); <u>Eleventh Circuit Pattern Jury</u> <u>Instructions (Criminal Cases)</u>, Instruction No. 75.4 (2003).

9.      The term "minor" means any person under the age of eighteen (18) years.  18 U.S.C. § 2256(1); <u>Eleventh Circuit Pattern Jury Instructions</u> <u>(Criminal Cases)</u>, Instruction No. 75.4 (2003).

10.      The term "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.    18 U.S.C. § 2256(5); <u>EleventhCircuit Pattern Jury Instructions (Criminal Cases)</u>, Instruction No. 75.4 (2003).

11.      The term "sexually explicit conduct" means actual or simulated:

(a)      sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

(b)      bestiality;

(c)      masturbation;

19

(d)      sadistic or masochistic abuse; or

(e)      lascivious exhibition of the genitals or pubic area of any person.

18 U.S.C. § 2256(2)(A); Eleventh Circuit Pattern Jury Instructions (Criminal

Cases), Instruction No. 75.4 (2003).


D.      Proof of First Element, Including Proof of Actual Children

12.      The Defendant stipulates that on or about the dates charged, as

specified in the Stipulated Facts for Bench Trial, in the Northern District of

Georgia, the Defendant knowingly possessed and received each of the disks

and files charged in each Count of the Superseding Indictment and that at

the time of his possession and receipt of each of the charged disks and files

he knew each disk and file constituted and contained what appeared to be

child pornography.    See Stipulated Facts for Bench Trial [Doc. 97]

("Stipulated Facts") ¶¶ 9-16.


13.      The Defendant also stipulates that the unrebutted evidence

before the Court is that each of the disks and files charged in the Superseding

Indictment constitutes and contains child pornography, that is, that each disk

and file constitutes and contains visual depictions of an actual child engaged

in sexually explicit conduct that were produced using an actual child engaged in sexually explicit conduct.  See Stipulated Facts ¶ 21.

14.    The Defendant stipulates that the file "repedo long vid" contained on his hard drive seized from CompUSA and charged in Counts One and Seventeen of the Superseding Indictment depicts an actual child engaged in sexually explicit conduct that was produced using an actual child engaged in sexually explicit conduct.  Stipulated Facts ¶ 17.

15.    The Court has viewed each charged file and as to each charged file the Court concludes on the basis of its viewing that each disk and file depicts an actual minor engaged in sexually explicit conduct that was produced using an actual minor engaged in sexually explicit conduct.  See United States v. Richardson, 304 F.3d 1061 (11th Cir. 2002); United States v. Hall, 312 F.3d 1250 (11th Cir. 2002); Stipulated Facts ¶¶ 18-19, Ex. 1.

16.    In addition, the Court finds that Thomas Musheno, whose qualifications and testimony were stipulated by the parties, is qualified as an expert in forensic digital video analysis.  Stipulated Facts ¶ 20, Ex. 2.

21

17.     The Court credits the testimony and conclusions of Mr. Musheno that each of the charged files depicts an actual child engaged in sexually explicit conduct that was produced using an actual child engaged in sexually explicit conduct.  Stipulated Facts ¶¶ 20-21, Ex. 3.


18.     The parties agreed in the Stipulated Facts for Bench Trial that the first element of the statutes has been met.  Stipulated Facts ¶ 29.


19.     The evidence before the Court establishes that each disk and file charged in the Superseding Indictment depicts an actual child engaged in sexually explicit conduct and was produced using an actual child engaging in sexually explicit conduct.  See Stipulated Facts ¶¶ 17-21.


E.      Proof of the Third Element

20.     The Defendant stipulates that at the time of his possession and receipt of each disk and file charged in the Superseding Indictment, the Defendant believed that each disk and file constituted and contained child pornography.  Stipulated Facts ¶¶ 10, 12, 14, 16.


22

21.    The parties agreed in the Stipulated Facts for Bench Trial that the third element of the statutes has been met.  Stipulated Facts ¶ 29.

F.    Proof of the Second Element: Jurisdiction Over the Case

22.    The parties agreed in the Stipulated Facts for Bench Trial that the sole issue remaining before the Court is the second element, that is, whether this Court has jurisdiction in this case.  Stipulated Facts ¶ 29.

a.    Counts One and Seventeen:
       Stipulation that the File "repedo long vid" Traveled in Interstate
       or Foreign Commerce

23.    The Defendant stipulates that the file "repedo long vid" charged in Counts One and Seventeen of the Superseding Indictment was produced in Great Britain and that he received and possessed the file in Georgia. Stipulated Facts ¶¶ 23, 9, 13.

24.    Because this file was transported in interstate or foreign commerce from Great Britain to Georgia, the second element has been met and this Court has jurisdiction.  United States v. Cain, 433 F.3d 1345, 1346 n.1 (11th Cir. 2005); United States v. Dupree, 258 F.3d 1258, 1260 (11th Cir.

23

2001); <u>United States v. McAllister</u>, 77 F.3d 387, 390 (11th Cir. 1996); <u>United States v. Machtley</u>, No. 05-13520, 2006 WL 156750, at *1 (11th Cir. 2006) (unpublished); <u>United States v. Carroll</u>, 105 F.3d 740, 742 (1st Cir. 1997).

25.   The Defendant is thus guilty as charged of Counts One and Seventeen of the Superseding Indictment.

    b.     Counts One through Eighteen:
              The Defendant Downloaded the Charged Child Pornography Over the Internet

26.   The Defendant admitted to the FBI that he downloaded over the Internet his collection of child pornography contained on his disks, including images of 10-12 year old girls engaged in sex acts. Stipulated Facts ¶ 5.

27.   The Defendant provided corroborative details of his behavior, including his KAZAA Internet screen name and a detailed description of his behavior with regard to downloading child pornography every day and night using the Internet. Stipulated Facts ¶ 5.

24

28.    The Defendant stipulates that each of the video clips charged in the Superseding Indictment which were found on his hard drives is available on the Internet and was available on the Internet during the relevant time period.  Stipulated Facts ¶ 25.

29.    The Defendant provided no other explanation of how he received his contraband images.  Stipulated Facts ¶ 5.

30.    The Court credits the Defendant's admission that he downloaded his collection of child pornography over the Internet.  Stipulated Facts ¶ 5.

31.    Defendant's downloading of each of the charged files over the Internet constitutes transmission in interstate commerce.  United States v. Hersh, 297 F.3d 1233, 1254 n.31 (11th Cir. 2002); United States v. Runyan, 290 F.3d 223, 239 (5th Cir. 2002); United States v. Carroll, 105 F.3d 740, 742 (1st Cir. 1997).

32.    Defendant is thus guilty as charged of Counts One through Eighteen of the Superseding Indictment.

AO 72A
(Rev.8/82)

c.    Counts One through Eighteen:
      Materials Later Containing Child Pornography Traveled in
      Interstate or Foreign Commerce

33.   When materials, such as disks, that later contain child pornography travel in interstate or foreign commerce, the interstate nexus element is satisfied. United States v. Maxwell, 386 F.3d 1042, 1051-52 (11th Cir. 2004), vacated and remanded on other grounds, ___ U.S. ___, 126 S. Ct. 321 (2005), reinstated in relevant part, No. 03-14326, 2006 WL 1041011 at *1 (11th Cir. April 20, 2006); United States v. Holston, 343 F.3d 83 (2d Cir. 2003); United States v. Rodia, 194 F.3d 465 (3d Cir. 1999); United States v. Kallestad, 236 F.3d 225 (5th Cir. 2000); United States v. Angle, 234 F.3d 326 (7th Cir. 2000); United States v. Bausch, 140 F.3d 739 (8th Cir. 1998); United States v. Hampton, 260 F.3d 832 (8th Cir. 2001); United States v. Guagliardo, 278 F.3d 868 (9th Cir. 2002). Contra United States v. Corp, 236 F.3d 325 (6th Cir. 2001); United States v. McCoy, 323 F.3d 1114 (9th Cir. 2003).

34.   Convictions based on the interstate or foreign travel of the materials that later contain contraband, rather than on the travel of the contraband themselves, pass muster under the Commerce Clause of the Constitution. See Gonzalez v. Raich, 545 U.S. ___, 125 S. Ct. 2195 (2005).

26

See also United States v. Maxwell, No. 03-14326, 2006 WL 1041011at *6 - 8 (11th Cir. April 20, 2006); United States v. Holston, 343 F.3d 83 (2d Cir. 2003); United States v. Rodia, 194 F.3d 465 (3d Cir. 1999); United States v. Kallestad, 236 F.3d 225 (5th Cir. 2000); United States v. Angle, 234 F.3d 326 (7th Cir. 2000); United States v. Bausch, 140 F.3d 739 (8th Cir. 1998); United States v. Hampton, 260 F.3d 832 (8th Cir. 2001); United States v. Guagliardo, 278 F.3d 868 (9th Cir. 2002). Contra United States v. Corp, 236 F.3d 325 (6th Cir. 2001); United States v. McCoy, 323 F.3d 1114 (9th Cir. 2003).

35.    The Defendant stipulates that both of his hard disks charged in this case, which contained each of the charged video files, were manufactured in Singapore, and that he possessed and received the disks and the child pornography contained on those disks in Georgia. Stipulated Facts ¶¶ 22, 9, 11, 13, 15.

36.    Accordingly, this element has been satisfied as to each count of the Superseding Indictment. The Defendant is thus guilty as charged of Counts One though Eighteen of the Superseding Indictment.

AO 72A
(Rev.8/82)

G.     Conclusion

37.    The Defendant is hereby judged guilty of Counts One through Eighteen of the Superseding Indictment.

IT IS SO ORDERED, this 26th day of May, 2006.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

28

AO 72A
(Rev.8/82)