FILED IN OPEN COURT
U.S.D.C. Atlanta

AUG 29 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CRIMINAL ACTION |
| v. | : | 1:04-CR-346-MHS |
| JOSIAH L. TRYON, | : | |
| Defendant. | : | |

## ORDER

This matter came on for a bench trial on stipulated facts. On May 26, 2006, the Court entered an Order finding defendant guilty on all eighteen counts of the superseding indictment, which charged defendant with receipt and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (a)(5)(B). On August 25, 2006, the matter came before Court for a sentencing hearing. Defendant stated three objections to the Presentence Investigation Report (PSR). In addition, defendant asked the Court to impose a sentence below the guideline range based on certain relevant considerations. For the following reasons, the Court overrules defendant's objections to the PSR but departs downward two levels in calculating the appropriate sentencing guideline range.

AO 72A
(Rev.8/82)

First, defendant objected to the five-level enhancement based on his distribution of child pornography. The evidence established that defendant told FBI agents that he had been online since approximately 1996 collecting pictures of girls 10-12 years of age and 17-18 years of age, in various stages of nudity and engaging in sex acts. Defendant further stated that he was online every day and night collecting and trading pictures, and that he had a collection of approximately 350,000 pictures in one directory set up on his computer. Defendant contends that many of the pictures in his collection were not child pornography and that the government has failed to prove that the specific pictures he traded were child pornography. In addition to the videos charged in the indictment, which defendant admits are child pornography, the government submitted to the Court a disk containing some 862 images found on defendant's computer. Defendant admits that 505 of these images, or nearly 60%, constitute child pornography. The Court finds that this evidence together with defendant's admission that he spent every day and night on line collecting and trading pictures is sufficient to establish that defendant distributed child pornography.

Second, defendant objected to the five-level enhancement based on his possession of more than 600 images of child pornography. As noted above,

defendant admits to possessing at least 505 images of child pornography in addition to the 16 videos charged in the indictment. Defendant contends that each video should count as only one image, and that the government has therefore failed to establish possession of more than 600 images. On November 1, 2004, the Sentencing Guidelines were amended to provide that each video clip "shall be considered to have 75 images." U.S.S.G. § 2G2.2, cmt. n.4(B)(ii)(Nov. 1, 2004). Although this clarification took effect four months after defendant's arrest, based on its own viewing of the charged videos, the Court finds that, taken together, they contain substantially more than 96 images of child pornography, thus bringing the total number of images admittedly in defendant's possession to substantially more than 600. Contrary to defendant's argument, the Court finds nothing in the Sentencing Guidelines in effect at the time of his arrest that requires each video clip to be deemed to constitute only one image.

Third, defendant objected to denial of an adjustment for acceptance of responsibility. Defendant contends that he is entitled to this adjustment because he stipulated to all the factual elements of the charges against him and sought only to preserve for appeal the legal issue of the Court's jurisdiction. The Court disagrees. Although defendant did agree to a bench

3

trial based on stipulated facts, he would not stipulate to a number of matters relating to essential elements of the charges against him. Specifically, defendant denied that he had received his collection of child pornography over the Internet, arguing instead, without any evidentiary support, that he received the images on disks in hand-to-hand transactions. Further, with only one exception, defendant has never acknowledged that the charged images depict actual children. He has gone so far as to retain an expert on his behalf and preserve that issue for appeal. Defendant has also refused to acknowledge what he told FBI agents when he was interviewed. In sum, defendant's conduct does not evince acceptance of responsibility for his crimes.

Finally, the Court finds that a two-level downward departure is appropriate in this case for the following reasons. First, defendant saved the Court a significant amount of time and resources by stipulating to most of the facts and agreeing to a bench trial rather than insisting on a jury trial. Second, due to multiple delays in this case, defendant has remained in custody for more than two years before final disposition of his case. During this time, he has been incarcerated at the Atlanta Pretrial Detention Center, a facility where inmates have no opportunity for outdoor recreation and

4

which in many other respects imposes a greater hardship on inmates than incarceration in a federal facility. As a result, defendant has not seen the sun during the last two years except on the few occasions when he was brought in for court appearances. Finally, the Court notes that defendant was required to remain in custody during the pendency of this action notwithstanding the fact that the Court had ordered him released on bond because, due to no fault of his own, defendant was unable to satisfy the residency requirements of the bond.

The two level downward departure results in a total offense level of 33, with a criminal history category of I, and a custody guideline range of 135 to 168 months. Considering the factors in 18 U.S.C. § 3553(a), the Court concludes that a sentence of 135 months is appropriate in this case.

IT IS SO ORDERED, this 24th day of August, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A (Rev.8/82)